**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEON MOYER,

            Plaintiff-Appellant,

v.

CITY OF ALAMOSA; MAYOR
FARRIS BERVIG; GREG
GILLASPIE, City Council member;
RON GREEN, City Council member;
CHARLES GRIEGO, City Council
member; APRIL GONZALES, City
Council member; KATHY RODGERS,
City Council member; LELAND
ROMERO, City Council member;
RONALD LINDSEY, Alamosa Police
Chief; JOHN MICHALKE, Alamosa
Police Captain; RYAN BLACK,
Alamosa Police Sgt.; KENNETH
ANDERSON, Alamosa Police Officer;
LARRY RICHARDSON,
Owner/Operator of Layton's Towing
Service of Alamosa,

            Defendants-Appellees.

No. 07-1384
(D.C. No. 06-cv-01388-ZLW-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

In 2005, an Alamosa, Colorado police officer pulled over Mr. Leon Moyer on suspicion of expired license plates. The motor home he was driving at the time was subsequently towed and impounded. Shortly thereafter, a jury in Alamosa County Court found Mr. Moyer guilty of displaying expired license plates, failing to present evidence of insurance, and driving a motor vehicle without a valid driver's license.

In 2006, Mr. Moyer filed this pro se civil rights action against the City of Alamosa, Alamosa's Mayor, six city council members, four police officers (collectively, the "City Defendants"), and Larry Richardson, the tow truck operator. Mr. Moyer alleged, under 42 U.S.C. § 1983, that the traffic stop and subsequent impoundment of his motor home violated his Fourth Amendment right against unreasonable seizures, and that the warrantless inventory search of his motor home after impoundment violated his Fourth Amendment right against unreasonable searches.[1] He further alleged, under 42 U.S.C. § 1983 and § 1985, that several defendants conspired to violate his Fourth Amendment rights, and that several other defendants were liable for these Fourth Amendment violations,

---

[1]    In particular, he challenged the police officers' failure to adhere to their own written policy regarding impoundments and inventory searches.

under a respondeat superior theory and under 42 U.S.C. § 1986, for failing to prevent the conspiracy. Lastly, he alleged that the warrantless search of his motor home violated his Fourteenth Amendment due process and equal protection rights.

The district court issued an order and judgment of dismissal, accepting and adopting in its entirety the magistrate judge's "thorough, thoughtful, and correct" recommendation. R., Doc. 66 at 7. Specifically, the district court overruled Mr. Moyer's objections to the magistrate judge's recommendation (including his objection to the magistrate judge's jurisdiction), granted the City Defendants' motion for summary judgment, granted defendant Richardson's motion to dismiss, and sua sponte dismissed Mr. Moyer's Fourteenth Amendment due process and equal protection claims under 28 U.S.C. § 1915(e)(2)(B).[2]

On appeal, Mr. Moyer, whose pro se appellate filings we liberally construe, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), contends that the district court erred by allowing a magistrate judge to make recommendations, by adopting those recommendations (despite his objections), and by allowing the magistrate judge to make rulings on pretrial issues. He also contends—as far as we can discern—that the district court erred by dismissing his case because the Alamosa

---

[2] Although the City Defendants and Mr. Richardson each filed a "Motion to Dismiss or for Summary Judgment," R., Doc. 25; *id.* Doc. 30, the magistrate judge considered the City Defendants' motion under Fed. R. Civ. P. 56(c) and Mr. Richardson's motion under Fed. R. Civ. P. 12(b)(6). *See* R., Doc. 54 at 6-7.

police officers' impoundment and inventory search did not adhere to their department's written policy, thereby violating his Fourth Amendment rights.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the "grant of summary judgment de novo, applying the same standard as the district court." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the grant of a Rule 12(b)(6) motion to dismiss de novo as well, *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007), considering whether the complaint has set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007). We review a district court's determination that a suit is frivolous "under § 1915 for an abuse of discretion." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). If the "frivolousness determination turns on an issue of law," we review the underlying legal determination de novo. *Id.*

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold that Mr. Moyer has failed to identify any reversible error in this case. We therefore AFFIRM the judgment of the district

-4-

court for substantially the same reasons set forth in the magistrate judge's recommendation and in the district court's order and judgment of dismissal.

Entered for the Court


Wade Brorby
Senior Circuit Judge